## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINE DUFFIN, ALANA DUDLEY, APRIL MACLEISH, AND KAREN MORROW on behalf of themselves individually and all others similarly situated; | : : : : : : | Case No. **COLLECTIVE ACTION** |
| Plaintiffs, vs. | : : : : : | COMPLAINT FOR DAMAGES, INJUCTIVE RELIEF AND RESTITUTION |
| TRI-GRAM EDUCATION PARTNERS LLC D.B.A. HARRIS SCHOOL OF BUSINESS, | : : : : | JURY DEMAND |
| Defendants. | : | |

## **COMPLAINT FOR DAMAGES**

1. This is an action for relief resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. By filing this action, on behalf of themselves and all other similarly situated workers employed by Defendants, Plaintiffs seek damages, including overtime compensation, unpaid wages, which they were wrongly deprived, plus interest, damages, attorney fees and costs.

## **JURISDICTION**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

1

3.  In addition, Plaintiff bring forth claims pursuant to a Breach of Contract, Breach of Good Faith and Fair Dealing in Plaintiff's employment, Promissory Estoppel, Unjust Enrichment, and the Delaware Wage and Collection Act.

3.  The claims arose within Dover, Kent County, Delaware, in the District of Delaware, which is where venue is proper.

## PARTIES AND GENERAL ALLEGATIONS

4.  Plaintiff, Christine Duffin, (hereinafter "Duffin") a resident of Smyrna, Delaware was at all times material, employed by Harris School of Business as an instructor and was an employee as defined by 29 U.S.C. § 203 (e).

5.  Plaintiff, Alana Dudley, a resident of Dover, Delaware, was at all times material, employed by Harris School of Business as an instructor and was an employee as defined by 29 U.S.C. § 203 (e).

6.  Plaintiff, April Macleish, a resident of Frederica, North Carolina, was at all times material, employed by Harris School of Business as an instructor and was an employee as defined by 29 U.S.C. § 203 (e).

7.  Plaintiff, Karen Morrow, a resident of Greenwood, Delaware, was at all times material, employed by Harris School of Business as an instructor and was an employee as defined by 29 U.S.C. § 203 (e).

8. Defendant Trigram Education Partners LLC is incorporated in the State of Delaware and d.b.a. Harris School of Business located at 97 Commerce Way #105, Dover, DE 19904.

9. Defendants Trigram Education Partners LLC is an employer as defined by 29 U.S.C. § 203(d), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the locations where Plaintiffs were employed.

10. Defendant Bernadette Reed ("Reed"), is an individual who serves as a Director of Education for Trigram and maintains operational control over the company's daily operations and business activities regarding the allegations in this Complaint.

11. Defendant Stanford Silverman ("Silverman"), is an individual who serves as a President and CEO for Trigram and maintains operational control over the company's daily operations and business activities regarding the allegations in this Complaint.

12. Since August 20, 2020, the Defendants implemented a policy and practice of not compensating Plaintiffs and similarly situated employees due to supposed financial issues.

13. Defendants have directed Plaintiffs and similarly situated employees to continue working relying on the promise that Defendants are in the process of obtaining funding for payroll.

14. Defendants promised that Plaintiffs would be paid on July 28, 2020 which was never done.

15. Defendants promised that Plaintiffs would be paid on August 21, 2020 which was never done.

16. Defendants promised that Plaintiffs would be paid on October 14, 2020 which was never done.

17. In addition, Defendants promises the Plaintiff that they would receive a 20% bonus which was never done.

18. As of this filing, Defendant have not compensated Plaintiffs for their work.

19. At all times relevant herein, Defendants willfully violated the provisions of the Act [29 U.S.C. §206] by having a policy and practice of not compensating employees at a minimum wage or for any hours worked.

20. At all times relevant herein, Trigram willfully violated the provisions of § the Act [29 U.S.C. §206] by having a policy and practice that the above named Plaintiffs and similarly situated current and former employees of the Defendants were not paid minimum wage or for any hours worked.

21. At all times relevant, Trigram had a policy and practice of refusing to pay for the hours actually worked to Plaintiffs and similarly situated current and former employees of the Defendants.

22. As a result of Trigram's willful failure to compensate its employees including the Plaintiffs and similarly situated current and former employees of Defendants, for all of the hours worked, Trigram has violated FLSA, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 206.

23. The foregoing conduct as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

24. The above named Plaintiffs alleges on behalf of themselves individually and similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the FLSA, 29 U.S.C.§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for all of the time they worked for which they did not receive pay, as required by law, (ii) liquidated damages, (iii) additional liquidated damages for unreasonably delayed payment of wages, reasonable attorney fees, and costs and disbursements of this action, pursuant to U.S.C.§ 216(b).

25. Plaintiffs bring this FLSA action, individually and as a collective action on behalf of a class defined as "all employees of Trigram at any time between 2019 and the present who were victims of Trigram's policy and/or practice of requiring employees to meet at a defined job site and travel in an employer vehicle to a different job site, and not receive compensation for the time travelled."

## **CLASS ALLEGATIONS**

26.     There are questions of law and facts common to the class; The claims of the named plaintiff are typical of the claims of the class; and the named Plaintiff will fairly and adequately protect the interests of the class. Certification of the class pursuant to Rule 23(13)(3) is appropriate because the questions of law and fact common to the class predominate over any questions affecting only individual members of the class. A collective action is superior to other available methods for the fair and efficient adjudication of the controversy in that the individual members of the class, have no interest in controlling the prosecution of separate actions; on information and belief; no other litigation has been commenced by the members of the class, it is desirable and more efficient to concentrate, the litigation of these claims in one forum; and, no difficulties are likely to be encountered in the management of the class action. In addition, by information and belief, most members of the Class during the Collective Action Period, would not likely file individual suits because they lack adequate financial resources, access to attorneys, and are fearful of retaliation.

## COUNT I:
## VIOLATION OF FLSA FOR PAY LESS THAN MINIMUM WAGE AGAINST DEFENDANTS TRI-GRAM, REED, COOVER, AND SILVERMAN

27. Paragraphs 1 through 26 are incorporated as if referenced herein

28. At all relevant times herein, Trigram Education Partners LLC, Reed, Coover, and Silverman have willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by having a policy and practice that Weaver receive less than minimum wage for certain shifts.

29. Defendants' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act.

## COUNT II
## WAGES DUE UNDER 19 DEL. C §1111 AGAINST DEFENDANTS TRI-GRAM, REED, COOVER, AND SILVERMAN

30. Paragraphs 1 through 29 are hereby realleged and incorporated herein by reference as if fully set forth herein.

31. Defendants, as employers, have, without any reasonable grounds for dispute, failed to pay the Plaintiff's wages as required under 19 Del. C. 1101 et seq.

32. Defendants are liable to Plaintiff for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages.

## COUNT II: PROMISORRY ESTOPPEL AGAINST TRIGRAM

33. Paragraphs 1 through 32 are hereby realleged and incorporated herein by reference as if fully set forth herein.

34. Trigram made a promise to eventually pay the Plaintiffs' wages and a 20% bonus if they continued to work for no pay.

35. Plaintiffs justifiably relied on the promise made to them by working without compensation.

36. As a result of Trigram's failure to fulfill their promise, Plaintiffs are now damaged because they lost income and employment opportunities after Trigram never fulfilled their promise through paid back wages and a bonus payment.

37. Plaintiffs suffer damages as a result, including but not limited to, lost wages and past and future benefits.

## COUNT III: BREACH OF GOOD FAITH AND FAIR DEALING AGAINST TRIGRAM

38. Paragraphs 1 through 37 are hereby alleged and incorporated herein by reference as if fully set forth herein.

39. Trigram owed to Plaintiffs a covenant of good faith and fair dealing concerning their employment contracts.

40. By its actions described in this Complaint, Trigram has breached the

covenant of good faith and fair dealing implied under Delaware law when it fraudulently claims that Plaintiffs would receive their full pay along with a 20% bonus if they continued to work without regular compensation.

41. As a direct result of the wrongful conduct of Trigram, Plaintiffs have suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiffs, Alana Dudley, Christine Dufffin, April Macleish, and Karen Morrow on behalf of themselves and other similarly situated Collective Action Members and members of the class, respectfully requests that this Court grant the following relief against Trigram jointly and severally:

a. Designation of the First Cause of Action under FLSA as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collection Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against Trigram and its officers, agents, employees, from engaging in each of the unlawful practices, policies and patterns as set forth in the above Complaint;

d. An award for unpaid wages including pre-judgment interest; from Defendants for all of the time they travelled and were not compensated at all and/ or overtime work for which they did not receive overtime premium pay, as required by law;

e. An award of liquidated damages;

f. An award of additional liquidated damages for unreasonably delayed payment of wages;

g. Reasonable attorney fees, and costs and disbursements of this action, pursuant to U.S.C.§ 216(b).

**THE POLIQUIN FIRM, LLC**

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire (No. 4447)
1475 S. Governor Ave.
Dover, DE 19904
(302) 702-5001
Attorney for Plaintiffs

DATED: December 18, 2020